KNOWLTON *v.* CLARK.

APPEAL from the *Ohio* Circuit Court.

GREGORY, J.—*Knowlton* sued *Clark* in the court below for money had and received. Answer, general denial. Trial by jury; verdict for the defendant. Motion for a new trial overruled. The evidence is in the record. The money in controversy was placed in the hands of *Clark* by the appellant, as a part of a fund raised by voluntary contribution for the purpose of procuring a substitute for one *Hanna,* who had been drafted to serve in the army of the *United States* under the last call of the President. *Clark* paid over the money for the purpose for which it was contributed. The appellant contends that he placed the money in *Clark's* hands with the condition that *Hanna* was first to be examined by the surgeon of the enrolling board, at *Greensburg,* and if he was accepted as fit for the service, then the money was to be used in paying one *Brown* the sum of $1,000 for becoming a substitute for *Hanna,* otherwise the money contributed by the appellant was to be returned to

him. The evidence is conflicting as to whether there was any such condition made when the money was placed with *Clark*, and it is by no means clear on which side is the preponderance. *Hanna*, after making some objections, finally consented to be examined. *Clark*, *Brown* and *Hanna* went to *Greensburg* and applied to the examining surgeon to have *Hanna* examined, but were told that they were not examining drafted men. Witnesses were allowed, over the objection of the appellant, to testify to the conversation which took place between the surgeon and *Hanna*, as to the fitness of the latter for the service. The object of this testimony was to show the reason why *Hanna* was not examined. The fact that *Hanna* was not examined was not controverted. The case turned upon the condition insisted upon by the one side and denied by the other. The evidence objected to could have had no influence except to show the good faith of *Clark* in paying over the money, and, for this purpose, we think the conversation referred to was a part of the *res gestæ*, and was properly permitted to go to the jury. We cannot say that the verdict of the jury, and the action of the court below were not justified by the evidence, and it is not our duty under the law to interfere.

The judgment is affirmed, with costs.

*A. C. Downey*, for appellant.